John J. Hebert (#010633)
Wesley D. Ray (#026351)
**POLSINELLI SHUGHART PC**
Security Title Plaza
3636 North Central Avenue, Suite 1200
Phoenix, Arizona 85012
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-Mail: jhebert@polsinelli.com
E-Mail: wray@polsinelli.com

Attorneys for the Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ILX RESORTS INCORPORATED, *et al*.<br><br>    Debtor(s)<br><br>Address:   160 Portal Lane<br>               Sedona, AZ 86336<br><br>Tax EIN:   xx-xxx4171<br><br>This filing applies to:<br><br>☒   ALL DEBTORS<br><br>☐   SPECIFIED DEBTORS | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-03594-RTB<br>Case No. 2:09-bk-03595-RTB<br>Case No. 2:09-bk-03596-RTB<br>Case No. 2:09-bk-03598-RTB<br>Case No. 2:09-bk-03599-RTB<br>Case No. 2:09-bk-03600-RTB<br>Case No. 2:09-bk-03601-RTB<br>Case No. 2:09-bk-03603-RTB<br>Case No. 2:09-bk-03604-RTB<br>Case No. 2:09-bk-03605-RTB<br>Case No. 2:09-bk-03606-RTB<br>Case No. 2:09-bk-03608-RTB<br>Case No. 2:09-bk-03609-RTB<br>Case No. 2:09-bk-03610-RTB<br>Case No. 2:09-bk-03612-RTB<br>Case No. 2:09-bk-03617-RTB<br><br>Joint Administration under<br>Case No. 2:09-bk-03594-RTB<br><br>**SALE/CONFIRMATION HEARING PROPOSED AGENDA** |

ILX Resorts Incorporated, *et al*., debtors and debtors-in-possession (the "Debtors") in the above-captioned jointly-administered bankruptcies, submit this agenda in preparation for the evidentiary hearing to be held July 23, 2010 at 9:00 a.m. (the "Hearing"). This agenda is submitted to efficiently yet comprehensively outline the issues to be addressed by the parties at the Hearing.

1

2710820.5

I.  **MATTERS ON THE CALENDAR**

    A.  Approval of Debtor's Motion for Order (a) Authorizing Sale of Estates' Assets Free and Clear of Liens, Claims and Interests; and (b) Authorizing Assumption and Assignment of Contracts and Leases in Connection with Such Sale (the "Sale Motion").

        1.  Counsel for Pertinent Parties

            a.  <u>DEBTORS</u>:

                John J. Hebert
                Wesley D. Ray
                POLSINELLI SHUGHART PC
                3636 N. Central Ave., Suite 1200
                Phoenix, AZ 85012

            b.  <u>TEXTRON FINANCIAL CORPORATION</u>:

                Cathy L. Reece
                FENNEMORE CRAIG, P.C.
                3003 N. Central Ave., Suite 2600
                Phoenix, AZ 85012

            c.  <u>DIAMOND RESORTS INTERNATIONAL</u>:

                Peter A. Siddiqui
                Howard Lanznar
                KATTEN MUCHIN ROSENMAN LLP
                525 W. Monroe St.
                Chicago, IL 60661-3693

    B.  Confirmation of First Amended Joint Plan of Reorganization by Textron Financial Corporation and Debtors (as amended, the "Plan").

        (1)  <u>DEBTORS</u>:  (See name and address above)

        (2)  <u>TEXTRON FINANCIAL CORPORATION</u>:  (See name and address above)

        (3)  <u>DIAMOND RESORTS INTERNATIONAL</u>:  (See name and address above)

        (4)  <u>MAUREEN GAUGHAN, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF JAMES A. AND SHELLY D. BRUNO</u>:

                Dawn Bayne
                ALLEN, SALA & BAYNE, PLC
                1850 N. Central Ave., Suite 1150
                Phoenix, AZ 85004

2710820.5

      (5)    RESORT FUNDING, LLC:

              Kelly Singer
              Bradley A. Cosman
              SQUIRE SANDERS & DEMPSEY LLP
              1 E. Washington Street, Suite 2700
              Phoenix, AZ 85004

      (6)    U. S. TRUSTEE'S OFFICE:

              Larry Watson
              230 N. First Ave., Suite 204
              Phoenix, AZ  85003

## II.    ORDER OF MATTERS TO BE HEARD

    A.    Sale Motion

    B.    Confirmation of Plan

## III.    SALE OF ASSETS

    A.    <u>Notice Procedure</u>

Pursuant to the *Order Establishing Notice Procedures Relating to the Joint Plan of Reorganization and Motion to Approve the Sale of Substantially All of the Debtors' Assets*, the Plan and Sale Motion, and other filings, were served upon all creditors, and posted on the Debtors' website and made available for download. A notice summarizing the Plan and Sale Motion was served upon all equity holders and timeshare holders, and therein a phone number was provided whereby parties could request hard copies of all pertinent filings. The notice was also published in newspapers of general circulation in Phoenix, Arizona; Sedona, Arizona; Tucson, Arizona; Pinetop, Arizona; Payson, Arizona; South Bend, Indiana; Estes Park, Colorado; Las Vegas, Nevada; Puerto Peñasco, Mexico; and San Carlos, Mexico. Through an inadvertent error notice to the Arizona Department of Real Estate was not delivered until two days before the scheduled hearing.

    B.    <u>Objections to Sale</u>

The Debtors have not received any objections to the Sale Motion.

    C.    <u>Qualified Bidders</u>

The Debtors provided due diligence materials to two potential bidders. Pursuant to the

2710820.5

*Order Establishing Certain Sale Procedures*, the deadline for competing bids was July 16, 2010. The Debtors did not receive any competing bids prior to the deadline, and have not received any competing bids since.

### D. Excluded Assets

Assets that are not to be conveyed to the Purchaser as part of the Sale, and therefore shall be retained or distributed pursuant to the Plan, are as follows:

1. Certain merchant deposits made by or received by sellers;

2. Income tax refunds from any Taxing Authority accrued with respect to the conduct of the Business of sellers or their affiliates;

3. The 14.174 acre parcel known as U S Forest Service Parcel A located in the SE ¼ Section 7, T.17N, R.6E., G. & S.R.M., Coconino County, Arizona; including all plants, buildings, fixtures, and other improvements located thereon, and all easements, licenses, rights of way, permits, and all appurtenances to such property;

4. An approximately three-acre parcel of land known as a portion of U.S. Forest Service Parcel B located in Sedona, AZ, that is subject to a mortgage in favor of Resort Funding LLC;

5. Five acres of real property (zoned multi-family) located in Bullhead City Arizona, including all plants, buildings, fixtures, and other improvements located thereon, and all easements, licenses, rights of way, permits, and all appurtenances to such property;

6. 2.1 acres of real property located in Puerto Peñasco (Rocky Point), Sonora, Mexico, including all plants, buildings, fixtures, and other improvements located thereon, and all easements, licenses, rights of way, permits, and all appurtenances to such property;

7. A three acre parcel of land known as a portion of U.S. Forest Service Parcel B located in Sedona, AZ, including all plants, buildings, fixtures, and other improvements located thereon, and all easements, licenses, rights of way, permits, and all appurtenances to such property, subject to a replacement lien held by M&I Bank;

2710820.5

8. The real property located at 41 Mormon Hill Road, including all plants, buildings, fixtures, and other improvements located thereon, and all easements, licenses, rights of way, permits, and all appurtenances to such property, subject to a mortgage in favor of the successor in interest to Irwin Union Bank;

9. Certain equipment leased by sellers on long-term operating leases, except as expressly assumed in Section 2.1(a)(i) of the Asset Purchase Agreement;

10. Certain Timeshare Loans owned by Resort Funding, LLC;

11. Certain holdbacks held by Resort Funding, LLC and owed to sellers;

12. Certain M&I Timeshare Loans, as set forth in Schedule 2.1(ii)(1) to the Asset Purchase Agreement;

13. Any employee advances;

14. Utility and other deposits made by sellers on or before the Closing Date;

15. All cash and cash equivalents, including cash-on-hand or in bank accounts, certificates of deposit, and commercial paper;

16. All equity interests of sellers and any of sellers' subsidiaries or stock or other ownership interests owned by sellers in any other person;

17. Executory contracts of sellers that are not expressly assumed in Section 2.1(a)(i) of the Asset Purchase Agreement;

18. The corporate seals, Articles of Incorporation, minute books, stock books, Tax Returns, or all other records having to do with the corporate organization or operations of sellers or their subsidiaries; and

19. All assets owned by the Water Company and any and all assets owned by any Seller that are used by Kohl's Ranch Water Company in connection with the delivery of water including inter alia, those as set forth on Schedule 2.2(xi) to the Asset Purchase Agreement.

E. <u>Offer of Proof Re: Good Faith under Section 363</u>.

F. <u>Sale Order</u>

2710820.5

1. A proposed form of Order granting the Sale Motion, a copy of which is attached hereto as Exhibit "A," was delivered to all creditors.

2. No objections to the proposed form of order have been received.

3. Two parties have voiced concerns regarding the impact of the Sale on the interests of timeshare holders. Language will be included in the Order confirming the Plan to address these concerns.

IV. **PLAN CONFIRMATION**

A. <u>Balloting</u>

Eight classes were impaired under the Plan. Six of those classes voted to accept the Plan. The remaining two impaired classes did not submit ballots.

B. <u>Objections to Confirmation</u>

The Debtors received two objections to the Plan.[1] One objection was filed by Maureen Gaughan, Chapter 7 Trustee for the bankruptcy estate of James A. and Shelly D. Bruno, and the other by the United States Trustee. The Debtors have responded to both objections in their *Omnibus Response to Objections to the First Amended Joint Plan of Reorganization by Textron Financial Corporation and Debtors*.

The Trustee for James and Shelly Bruno has now withdrawn her objection.

C. <u>Amendments to the Plan</u>

The SEC and the U.S. Trustee gave the Plan Proponents advanced notice of their objections and through discussions, the Plan Proponents and the SEC were able to resolve all the SEC objections and the Debtors and the U.S. Trustee were able to narrow the scope of the contested issues. Changes in Plan language were necessitated by these discussions and those changes will be incorporated into the *Order Confirming First Amended Joint Plan by Textron Financial Corporation and Debtors* that will be lodged with the Court. The changes in the language do not adversely impact any creditors or parties in interest, and in fact, all of the changes enhance the interest of creditors and parties in interest as compared to the original plan language. These

---

[1] A third objection was filed by Brian T. Wruck, but in substance, does not actually object to confirmation of the Plan.

2710820.5

amendments do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder. As such, pursuant to Rule 3019(a), the Plan as modified should be deemed accepted by all creditors and equity security holders who have previously accepted the Plan without the necessity of re-noticing.

D. <u>Declarations in Support of Confirmation under 1129(b)</u>

Debtors are filing concurrently herewith the *Amended Declaration of Nancy J. Stone in Support of Confirmation of the Joint Plan of Reorganization by Textron Financial Corporation and Debtors*. That Declaration establishes that the Plan complies with all applicable provisions of 11 U.S.C. 1129.

E. <u>Confirmation Order</u>

A form of Order confirming the Plan, incorporating the changes discussed herein and at the Hearing, will be lodged with the Court.

**V. CLOSING OF THE SALE**

A. <u>Projected Date, Time, and Place</u>.

The Plan Proponents and the Purchaser presently project that the sale will close on or before August 13, 2010.

DATED July 22, 2010.

POLSINELLI SHUGHART PC

By: /s/ Wesley D. Ray
John J. Hebert
Wesley D. Ray
Security Title Plaza
3636 N. Central Ave., Suite 1200
Phoenix, AZ 85012

*Attorneys for the Debtors*

**COPY** of the foregoing served via U. S. First
Class mail, or served via electronic notification
if indicated by an "*" on July 22, 2010, to:

7

2710820.5

| | | |
|---|---|---|
| 1 2 3 | Larry W. Watson<br>U.S. TRUSTEE'S OFFICE<br>230 North 1st Avenue, Suite 204<br>Phoenix, AZ 85003 | Cathy L. Reece * creece@fclaw.com<br>FENNEMORE CRAIG, P.C.<br>3003 N. Central Ave., Suite 2600<br>Phoenix, AZ 85012<br>*Attorneys for TEXTRON FINANCIAL CORPORATION* |
| 4 5 6 7 | James Kneller * jim@jimknellerlaw.com<br>LAW OFFICES OF JAMES KNELLER, PC<br>6750 East Camelback Road, Suite 101<br>Scottsdale, AZ 85251<br>*Attorneys for TUCSON ELECTRIC POWER COMPANY and ARIZONA PUBLIC SERVICE* | Scott B. Cohen * sbc@engelmanberger.com<br>ENGELMAN BERGER P.C.<br>3636 N. Central Avenue<br>Security Title Plaza, Suite 700<br>Phoenix, AZ 85012-1936<br>*Attorneys for ARIZONA BANK & TRUST* |
| 8 9 10 11 | Richard H. Herold, Jr. * rherold@hinshawlaw.com<br>HINSHAW & CULBERTSON LLP<br>3200 N. Central Ave., Suite 800<br>Phoenix, AZ 85012-2428<br>*Attorneys for First Financial Bank, N.A., Hamilton Ohio, Successor-in-Interest to the Federal Deposit Insurance Corporation, Receiver of IRWIN UNION BANK, FSB* | Kelly Singer * ksinger@ssd.com<br>Bradley A. Cosman * bcosman@ssd.com<br>SQUIRE SANDERS & DEMPSEY LLP<br>1 E. Washington Street, Suite 2700<br>Phoenix, AZ 85004<br>ATTORNEYS FOR RESORT FUNDING, LLC |
| 12 13 14 15 | Don C. Fletcher * dfletcher@lakeandcobb.com<br>LAKE & COBB, P.L.C.<br>1095 W. Rio Salado Pkwy., Suite 206<br>Tempe, Arizona 85281<br>*Attorneys for HUGH E. GREEN AND LINDA G. SILFVEN* | Donald F. Ennis* dfennis@swlaw.com<br>SNELL & WILMER, L.L.P.<br>400 E. Van Buren<br>Phoenix, AZ 85004<br>*Attorneys for CONCORD SERVICING CORPORATION* |
| 16 17 18 | Frank F. McGinn * ffm@bostonbusinesslaw.com<br>BARTLETT HACKETT FEINBERG P.C.<br>155 Federal Street, 9th Floor<br>Boston, MA 02110<br>*Attorneys for IRON MOUNTAIN INFORMATION MANAGEMENT, INC.* | Paul M. Weiser * pweiser@buchalter.com<br>BUCHALTER NEMER<br>16435 N. Scottsdale Road, Suite 440<br>Scottsdale, AZ 85254-1754<br>*Attorneys for TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA* |
| 19 20 21 22 | Howard C. Meyers * hmeyers@bcattorneys.com<br>Andrew Abraham * aabraham@bcattorneys.com<br>BURCH & CRACCHIOLO, P.A.<br>702 E. Osborn Road, Suite 200<br>Phoenix, AZ 85011-6882<br>*Attorneys for THE STEELE FOUNDATION* | Joseph Wm. Kruchek *joe.kruchek@kutakrock.com<br>Kelly E. Braden * kelley.braden@kutakrock.com<br>KUTAK ROCK LLP<br>8601 N. Scottsdale Road, Suite 300<br>Scottsdale, AZ 85253-2742<br>*Attorneys for U.S. BANK NATIONAL ASSOCIATION* |
| 23 24 25 | Larry K. Udall * ludall@cgsuslaw.com<br>CURTIS GOODWIN SULLIVAN<br>   UDALL & SCHWAB, PLC<br>501 E. Thomas Road<br>Phoenix, AZ 85012-3205<br>*Attorneys for NAVOPACHE ELECTRIC COOP.* | Thomas G. Luikens * thomas.luikens@azbar.org<br>AYERS & BROWN, P.C.<br>4227 N. 32nd Street, First Floor<br>Phoenix, AZ 85018<br>*Interested Party and Attorneys for ROUNDHOUSE RESORT VACATION PLAN OWNERS ASSOCIATION* |

8

2710820.5

| | |
|---|---|
| William Novotny * william.novotny@mwmf.com<br>MARISCAL, WEEKS, MCINTYRE &<br>FRIEDLANDER, P.A.<br>2901 North Central Avenue, Suite 200<br>Phoenix, AZ 85012-5000<br>*Attorneys for CANYON PORTAL II, L.L.C., AND SINAGUA PLAZA II, L.L.C.* | Terry A. Dake * tdake@cox.net<br>TERRY A. DAKE, LTD.<br>11811 N. Tatum Boulevard, Suite 3031<br>Phoenix, AZ 85028-1621<br>*Attorneys for DALE D. ULRICH, CHAPTER 7 TRUSTEE OF BANKRUPTCY ESTATE OF CRAIG R. ROETMAN* |
| Robert J. Miller * robert.miller@bryancave.com<br>Edward M. Zachary * edward.zachary@bryancave.com<br>Justin A. Sabin * justin.sabin@bryancave.com<br>BRYAN CAVE, LLP<br>Two N. Central Avenue, Suite 2200<br>Phoenix, AZ 85004-4406<br>*Attorneys for M&I MARSHALL & ILSLEY BANK* | Terri A. Roberts * pcaocvbk@pcao.pima.gov<br>German Yusufov * pcaocvbk@pcao.pima.gov<br>Deputy County Attorneys, Civil Division<br>PIMA COUNTY ATTORNEY'S OFFICE<br>32 North Stone Avenue, Suite 2100<br>Tucson, AZ 85701<br>*Attorneys for PIMA COUNTY* |
| Jack Barker * jpb@bhhhlaw.com<br>BARKER HIGGINS HITCHCOCK & HESSE, PLLC<br>1630 East White Mountain Boulevard, Suite B<br>Pinetop, AZ 85935<br>*Attorneys for PONDEROSA DOMESTIC WATER IMPROVEMENT DISTRICT* | Barbara L. Caldwell * blc@ashrlaw.com<br>AIKEN SCHENK HAWKINS & RICCIARDI P.C.<br>4742 North 24th Street, Suite 100<br>Phoenix, AZ 85016-4859<br>*Attorneys for MARICOPA COUNTY* |
| Dawn M. Bayne* dbayne@asbazlaw.com<br>ALLEN, SALA & BAYNE, PLC<br>1850 N. Central Ave., Suite 1150<br>Phoenix, AZ 85004<br>*Attorneys for MAUREEN GAUGHAN, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF JAMES A. AND SHELLY D. BRUNO* | Peter A. Siddiqui * peter.siddiqui@kattenlaw.com<br>Howard Lanznar*howard.lanznar@kattenlaw.com<br>KATTEN MUCHIN ROSENMAN LLP<br>525 W. Monroe St.<br>Chicago, IL 60661-3693<br>*Attorneys for DIAMOND RESORTS INTERNATIONAL* |
| Sarah Moyed<br>U.S. SECURITIES AND EXCHANGE COMMISSION<br>5670 Wilshire Blvd., Suite 1100<br>Los Angeles, CA 90036-5679 | Gilbert L. Hamberg<br>1038 Darby Drive<br>Yardley, Pennsylvania 19067-4519<br>*Attorneys for TUCSON ELECTRIC POWER COMPANY AND UNS GAS, INC.* |

By: \_\_\_/s/ *Diane Ashworth*_____

2710820.5

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ILX RESORTS INCORPORATED, *et al.*<br><br>      Debtor(s)<br><br>Address:  160 Portal Lane<br>               Sedona, AZ 86336<br><br>Tax EIN:  xx-xxx4171<br><br>This filing applies to:<br><br>    ☒   ALL DEBTORS<br><br>    ☐   SPECIFIED DEBTORS | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-03594-RTB<br>Case No. 2:09-bk-03595-RTB<br>Case No. 2:09-bk-03596-RTB<br>Case No. 2:09-bk-03598-RTB<br>Case No. 2:09-bk-03599-RTB<br>Case No. 2:09-bk-03600-RTB<br>Case No. 2:09-bk-03601-RTB<br>Case No. 2:09-bk-03603-RTB<br>Case No. 2:09-bk-03604-RTB<br>Case No. 2:09-bk-03605-RTB<br>Case No. 2:09-bk-03606-RTB<br>Case No. 2:09-bk-03608-RTB<br>Case No. 2:09-bk-03609-RTB<br>Case No. 2:09-bk-03610-RTB<br>Case No. 2:09-bk-03612-RTB<br>Case No. 2:09-bk-03617-RTB<br><br>Joint Administration under<br>Case No. 2:09-bk-03594-RTB<br><br>**[PROPOSED] ORDER AUTHORIZING: (1) SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (2) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES** |

Upon consideration of the motion of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order granting the Motion for Order (A) Authorizing Sale of Estates' Assets Free and Clear of Liens, Claims and Interests; And (B) Authorizing

1

2693733.01

# EXHIBIT A

Assumption and Assignment of Contracts and Leases in Connection with Such Sale (the "Sale Motion") and the Court having reviewed the Motion and any responses thereto and after having found that sufficient and proper notice was given to all creditors and parties in interest of the Debtors who were required to receive it, and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND ORDERED THAT:**

1. The Sale Motion is granted and approved in its entirety.

2. The Debtors are hereby authorized and directed to take any and all actions necessary or appropriate to:

    a. consummate the proposed sale to ILX Acquisition Inc. (the "Proposed Purchaser") in accordance with the terms and conditions set forth in the Asset Purchase Agreement[1] and any and all amendments thereto, including, without limitation, to convey to the Proposed Purchaser the assets (the "Acquired Assets") which are the subject of the Asset Purchase Agreement; and

    b. perform, consummate, implement, and close fully the sale to the Proposed Purchaser of the Acquired Assets, together with all additional instruments and documents that may be reasonably necessary or desirable to implement such sale.

3. The Proposed Purchaser is a good faith purchaser entitled to the protections afforded a purchaser pursuant to 11 U.S.C. § 363(m), and there have not been and are not any violations of section 363(n) of the Bankruptcy Code as a result of the approval of the sale of the Acquired Assets to the Proposed Purchaser.

4. The sale of the Acquired Assets to the Proposed Purchaser shall be, and hereby is, free and clear of any and all liens, claims, rights, interests, and encumbrances whatsoever (except as expressly provided in the Asset Purchase Agreement and except as mutually agreed between Proposed Purchaser and Textron Financial Corporation ("Textron Financial")).

---

[1] Capitalized terms not defined herein shall have the meaning ascribed thereto in the Sale Motion or, if not defined therein, in the Asset Purchase Agreement. All other terms shall have the meanings ascribed to such terms in the Bankruptcy Code, if defined therein.

2693733.01

# EXHIBIT A

5. The Debtors are hereby authorized, pursuant to 11 U.S.C. § 365, to assume and assign to the Proposed Purchaser the Contracts. As a condition to such assumption and assignment pursuant to section 365 of the Bankruptcy Code, all cure amounts due to counterparties to such Contracts must be paid. These payments shall be in full and final satisfaction of all obligations and as full compensation to counterparties for any pecuniary losses under such contracts or leases pursuant to 11 U.S.C. § 365(b)(1). The distribution of the cure payments to the counterparties shall be made as soon as practicable; provided, however, that if there is a dispute concerning any proposed cure amount, payment shall be made by the Proposed Purchaser to the respective contract or lease counterparty only after final resolution of such dispute, by this Court or otherwise. This Court finds that the Proposed Purchaser has provided adequate assurance of future performance of the Contracts.

6. The Debtors are hereby authorized, pursuant to 11 U.S.C. §§ 363 and 365, as applicable, to assume and to assign to the Proposed Purchaser the Contracts. The Debtors are further authorized and directed to take any and all actions necessary or appropriate to consummate the proposed assignment of the various contracts and leases to the Proposed Purchaser, as specified in the Sale Motion and in the Asset Purchase Agreement. The Debtors are relieved of any liability for any breach of any Contract occurring after the assignment of such Contracts to the Proposed Purchaser.

7. The Proposed Purchaser is not a successor to the Debtors or, except for assumed liabilities and obligations set forth in the Asset Purchase Agreement, otherwise liable for any of the claims against or liabilities or obligations of the Debtors (collectively, the "Excluded Liabilities"), and each and every holder of any of the Excluded Liabilities hereby is permanently enjoined from commencing, continuing, or otherwise pursuing or enforcing any remedy, claim, cause of action, or encumbrance against the Proposed Purchaser related thereto.

8. At the closing of the sale of the Acquired Assets, the Proposed Purchaser shall pay the amounts required by the Asset Purchase Agreement.

2693733.01

# EXHIBIT A

9. Except as otherwise expressly provided in the Asset Purchase Agreement and as set forth in the next sentence and except as mutually agreed between Proposed Purchaser and Textron Financial, effective upon the transfer of the Acquired Assets to the Proposed Purchaser, any liens against the Acquired Assets shall attach to the proceeds of the sale with the same force, validity, priority, and effect, if any, as said liens had formerly attached to the Acquired Assets, subject to the Debtors' ability to challenge the extent, validity, priority and effect of the liens, and subject to and as otherwise provided in any other order of this Court in this chapter 11 case.

10. This Order is and shall be effective as a determination that, upon transfer of the Acquired Assets to the Proposed Purchaser and except as mutually agreed between Proposed Purchaser and Textron Financial and in consideration of the attachment of the liens as set forth in Paragraph 9 of this Order, all liens, claims, and encumbrances existing as to the Acquired Assets conveyed to the Proposed Purchaser have been and hereby are terminated and declared to be unconditionally released, discharged, and terminated, and shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Acquired Assets conveyed to the Proposed Purchaser. Except as otherwise provided in this Order, all liens of record as of the date of this Order, shall be forthwith removed and stricken as against the Acquired Assets. All entities described in this paragraph are specifically authorized and directed to strike all such recorded liens against the Acquired Assets from their records, official, and otherwise.

11. Subject to the provisions of this Order and except as mutually agreed between Proposed Purchaser and Textron Financial, if any person or entity which has filed statements or other documents or agreements evidencing liens on, or interests in, any of the Acquired Assets does not deliver to the Debtors or the Proposed Purchaser prior to the closing of the sale of the Acquired Assets to the Proposed Purchaser, in proper form for filing and executed by the appropriate parties,

2693733.01

# **EXHIBIT A**

termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all liens which the person or entity has or may assert with respect to any of the Acquired Assets, the Debtors and/or the Proposed Purchaser are hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of such persons or entity with respect to any of the Acquired Assets.

12. Each and every term and provision of this Order shall be binding in all respects upon the Proposed Purchaser, the Debtors, the Debtors' bankruptcy estates, their creditors, all individuals or entities holding an interest in the Debtors, all other entities and third parties, including, without limitation, any entity purporting to hold a lien against the Acquired Assets and all of the Debtors' timeshare members.

13. Nothing contained in any Order of any type or kind entered in these cases, or any related proceeding, subsequent to entry of this Order, shall conflict with or derogate from the provisions of the terms of this Order.

14. In accordance with section 1146(c) of the Bankruptcy Code, the making or delivery of any instrument or transfer, including the filing of any deed or other document of transfer to evidence, effectuate or perfect the rights, transfers and interest contemplated by the Asset Purchase Agreement, shall be in contemplation of a plan or plans to be confirmed in these chapter 11 cases, and, as such, shall be free and clear or any and all transfer tax, stamp tax, or similar taxes. Such instruments, orders, and agreements transferring the Acquired Assets to the Proposed Purchaser shall contain the following endorsement:

> "Because this [instrument] has been authorized pursuant to an order of the United States Bankruptcy Court for the District of Arizona, in contemplation of a plan of the Grantor, it is exempt from transfer taxes, stamp taxes or similar taxes pursuant to 11 U.S.C. § 1146(c)."

15. This Court retains jurisdiction to:

   a. Interpret, implement and enforce the terms of the Asset Purchase Agreement, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith;

5

2693733.01

# EXHIBIT A

        b.        Compel delivery of the Acquired Assets to the Proposed Purchaser;

        c.        Resolve any disputes arising under or related to the sale of the Acquired Assets to the Proposed Purchaser, including, without limitation, resolving cure amounts owing to counterparties to the Contracts; and

        d.        Adjudicate all issues concerning alleged liens and any other alleged interests in and to the Acquired Assets or the proceeds of the sale, including the extent, validity, enforceability, priority and nature of all such alleged liens and any other alleged interests relating to the proceeds of the sale.

16.    This Order shall be effective immediately upon entry pursuant to Rule 7062 and 9014 of the Federal Rules of Bankruptcy Procedure, and, notwithstanding Federal Rules of Bankruptcy Procedure 6004(g) and 6006(d), shall not be stayed.

17.    Pursuant to Rule 58 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 9021 of the Federal Rules of Bankruptcy Procedure, this Order shall constitute an Order approving the Sale Motion.

DATED _____.

_____
Judge Redfield T. Baum
United States Bankruptcy Judge

6

2693733.01